UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-00146-LLK

SHELLY M. LANE                                                                                              PLAINTIFF

v.

ANDREW SAUL, Commissioner of Social Security                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for social security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets Number ("DN") 15 and 21. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 10].

Because Plaintiff's argument that "the [Administrative Law Judge's] ALJ's finding regarding [her] [residual functional capacity] RFC is not supported by substantial evidence" [DN 15 at 12] is persuasive, the Court will REMAND this matter to the Commissioner for a new decision.

**The ALJ's finding regarding Plaintiff's RFC is not supported by substantial evidence.**

Plaintiff argues that "the ALJ's finding regarding [her] RFC is not supported by substantial evidence." [DN 15 at 12]. For the reasons below, the argument is persuasive.

The Appeals Council acknowledged that the ALJ's decision "does not address [certain] evidence" at pages 901 through 940 of the administrative record. [Administrative Record ("AR") at 5 referencing AR at 901-40]. The Appeals Council characterized the evidence as medical records "from Clarian Arnett Health Systems dated February 28, 2014 to March 2, 2017 (40 Pages)." *Id.* The Appeals Council indicated that the ALJ should have addressed the evidence inasmuch as Plaintiff "submitted or informed the [ALJ]

about [this] evidence at least five business days before the scheduled hearing (20 CFR 404.935(a) and 416.1435(a))." *Id.*

Rather than remanding the matter to the ALJ for consideration of the new evidence, the Appeals Council proceeded to consider the evidence on its own initiative and concluded that the evidence is immaterial in the sense that it does not "alter the [ALJ's] decisional outcome" or warrant a change in the ALJ's RFC finding. [AR at 5-6]. The Appeals Council "adopt[ed] the [ALJ's] decisional findings at steps one through five [of the sequential evaluation process]." [AR at 5].

For the reasons below, this opinion disagrees with the Appeals Council's finding of immateriality of the new evidence and finds that the new evidence renders the ALJ's RFC finding unsupported by substantial evidence.

At step two of the evaluation process, the ALJ found that Plaintiff suffers from the following severe, or vocationally significant, impairments affecting her left upper extremity: "peripheral neuropathy of the left hand, and muscle atrophy of the left upper extremity" [AR at 16]. Additionally, the ALJ acknowledged that Plaintiff has been diagnosed with the following medically determinable impairments: "degenerative disc disease of the cervical spine, Reynaud's syndrome, Charcot Marie Tooth, carpal tunnel syndrome, depression, and anxiety." [AR at 17]. "However, [according to the ALJ] the record does not show that any of these conditions cause more than minimal work limitations." *Id.* "Accordingly, each of these conditions is [according to the ALJ] non-severe." *Id.*

As required, the ALJ considered the combined effect of Plaintiff's acknowledged severe impairments (i.e., peripheral neuropathy of the left hand and muscle atrophy of the left upper extremity) and Plaintiff's diagnosed impairments that the ALJ found to be non-severe (i.e., degenerative disc disease of the cervical spine, Reynaud's syndrome, Charcot Marie Tooth, carpal tunnel syndrome, depression, and anxiety). *See* 20 C.F.R. § 404.1523(c) ("[W]e will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity

… throughout the disability determination process."). The ALJ found that these impairments limit Plaintiff to "frequent" (as opposed to continuous) use of the left upper extremity but otherwise allow her to perform light work. [AR at 19].

"Frequent" is a term of art in social security disability law meaning "occurring from one-third to two-thirds of the time." Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *6. The ALJ concluded that Plaintiff has the following RFC:

> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she can frequently climb ramps and stairs; occasionally climb ladders, ropes, or scaffolds; and frequently balance, stoop, kneel, crouch, or crawl. She can frequently reach with left upper extremity; and frequently handle and finger bilaterally. She should have no exposure to extreme cold.

[AR at 19].

Light work generally requires gross use of the arms and hands to grasp, hold, and turn objects but does not require fine use of the fingers, which is associated with sedentary work. Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *6; SSR 83-14, 1983 WL 31254, at *4. The evidence at pages 901 through 940, which the ALJ did not consider and the Appeals Council found to be immaterial, undermines the ALJ's finding that Plaintiff can "frequently reach with left upper extremity; and frequently handle and finger bilaterally" [AR at 19] and can otherwise perform the upper extremity requirements of light work. That evidence is as follows: Since Plaintiff "report[ed] to have acute onset [of] moderate numbness, tingling, pain and weakness in the left shoulder, arm and hand … in 2014 … [s]ymptoms are slowly getting worse." [AR at 904]. Plaintiff has "metacarpophalangeal joint pain of left hand [and her] left arm goes numb making it difficult to drive." [AR at 901-02]. "Pinching lids of containers and turning keys is painful … feels as if her tendons are subluxing." [AR at 910, 912]. "NCV [nerve conduction velocity] study in 12/1/2016 reported bilateral carpal tunnel syndrome." [AR at 902]. Upon examination, Plaintiff showed "decreased muscle strength in the full upper extremity (5-/5 supraspinatus, deltoid, biceps, 5-/5 triceps wrist flexion and extension, finger flexion and extension, finger abduction)," "decreased sensation in the left arm and

hand," "mild to moderate muscle atrophy in the left shoulder," "increased reflex in the left upper [extremity] … reflex: 2+ in the right biceps, triceps, brachioradialis … suggest[ing] upper motor disorders." [AR at 903]. Substantial evidence does not support the ALJ's finding that an individual with these symptoms and limitations can "frequently reach with left upper extremity; and frequently handle and finger bilaterally." [AR at 19].

Additionally, light work generally requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday, with sitting occurring intermittently during the remaining time. Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *5-6. The following evidence undermines the ALJ's finding that Plaintiff can stand/walk 6 hours per 8-hour workday as required to perform light work: "It started about 3 years ago in October [2014] with a feeling of swelling in [Plaintiff's] left lower leg and inability to walk but it was not actually swollen," and there was a "vibratory feeling and muscle cramps." [AR at 901]. "EMG [electromyography] in the bilateral lower extremities on 11/15/2016 showed mild axonal loss neuropathies." [AR at 902]. "NCV [nerve conduction velocity] study in the legs on 11/3/2016 showed absence of bilateral peroneal CMAP [compound muscle action potential] responses." *Id.* Upon examination, Plaintiff showed "decreased muscle strength in the left lower extremity (5/-5 iliopsoas, knee flexion and extension, plantar flexion and dorsi flexion)," "increased reflex in the left … lower [extremity] … reflex: 2+ in the … patellar, Achilles." [AR at 903]. Substantial evidence does not support the ALJ's finding that an individual with these symptoms and limitations can stand/walk 6 hours per 8-hour workday as required to perform light work. [AR at 19].

Admittedly, the etiology of Plaintiff's symptoms and limitations is not fully understood. Plaintiff's sister was wheelchair bound with spinocerebellar dystrophy at about age 18, and possible etiologies include demyelination, intracranial abnormality, neuropathy secondary to metabolic disorder, nutritional deficiency, inflammatory disorder, and autoimmune disorder. [AR at 901, 905]. Nevertheless, there is no evidence that the symptoms and limitations themselves are nonexistent, fabricated, or wholly

4

psychosomatic. Therefore, the Appeals Council improperly discounted the significance of the evidence at pages 901 through 940 simply because the etiology was not fully understood:

> The Council notes that in March of 2017, the additional records find unexplained neurological symptoms, with pain, sensory disturbances, and cramping on the left side. These records further note that extensive testing did not show any cause, including imaging and somatosensory evoked potentials – which show no lesions in the peripheral nerve, spinal cord or brain.

[AR at 5].

Additionally, the Commissioner's finding regarding Plaintiff's RFC does not comport with applicable legal standards because neither the ALJ nor the Appeals Council evaluated all of the medical opinions (discussed above at pages 901 through 940) that Plaintiff submitted in support of her disability claim. *See* 20 C.F.R. § 404.1527(c) ("Regardless of its source, we [i.e., the Social Security Administration] will evaluate every medical opinion we receive.").

**Plaintiff's other arguments are unpersuasive.**

Plaintiff makes three arguments. First, Plaintiff argues that "the ALJ's finding of no severe or vocationally significant low back or lower extremity impairment is not supported by substantial evidence." [DN 15 at 6]. The argument is unpersuasive because, Seventh Circuit caselaw governs this judicial review,[1] and under Seventh Circuit caselaw, the "[s]tep two [severity determination] is merely a threshold inquiry; so long as one of a claimant's limitations is found to be severe, error at that step is harmless." *Ray v. Comm'r of Soc. Sec.*, 915 F.3d 486, 492 (7th Cir. 2019). As noted above, the ALJ found that Plaintiff suffers

---

[1] Plaintiff worked in Indiana, the administrative hearing on her disability claim occurred in Indiana, and the ALJ issued the decision from which Plaintiff seeks judicial review in Indiana. Plaintiff moved to the Western District of Kentucky shortly before filing her complaint seeking judicial review. Thus, venue lies with this Court. *See* 42 U.S.C. § 405(g) (A civil action seeking judicial review of the Commissioner's final decision "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides."). However, this Court must apply Seventh Circuit caselaw. *See Aimetti v. Comm'r of Soc. Sec.*, No. 2:17-CV-006, 2018 WL 1525828 (E.D. Tenn. Mar. 28, 2018) (applying Third Circuit caselaw where, after the ALJ's decision, Aimetti moved from New Jersey to Sullivan County, Tennessee); *White v. Comm'r*, No. 2:15-CV-00060, 2018 WL 1070895 (M.D. Tenn. Feb. 26, 2018) (report rejected on other grounds) (applying Eleventh Circuit caselaw where, "although the ALJ conducted her disability hearing in Tennessee, White participated via video teleconference from Florida, lived and worked in Florida prior to her disability, and became disabled while living and working in Florida."); *Powell v. Comm'r*, No. 5:12-CV-00157-LLK, 2014 WL 689721 (W.D. Ky. Feb. 20, 2014) (applying Ninth Circuit law where, after the ALJ's decision, Plaintiff moved from Washington state to Fort Campbell, Kentucky).

from the following severe, or vocationally significant, impairments affecting her left upper extremity: "peripheral neuropathy of the left hand, and muscle atrophy of the left upper extremity" [AR at 16]. Therefore, any error on the ALJ's part for not finding a severe low back or lower extremity impairment was, at worst, harmless error.[2]

Second, Plaintiff argues that "the ALJ's finding as to no severe or vocationally significant mental impairment is not supported by substantial evidence." [DN 15 at 9]. The argument is unpersuasive for three reasons. First, the argument is unpersuasive for the same reason the prior argument was unpersuasive, i.e., the error was, at worst, harmless in light of the ALJ acknowledgement of at least one severe impairment. *Ray v. Comm'r*, 915 F.3d 486, 492 (7th Cir. 2019). Second, the ALJ gave "great weight" to the opinions of the of the non-examining state agency program psychologists that Plaintiff has no severe mental impairment [AR at 37, 134, 146], and those opinions substantially supported the ALJ's finding of no severe mental impairment. Third, Plaintiff did not submit a medical opinion that she suffers from a severe mental impairment, and she carried the burden of proving a severe impairment. *See* 20 C.F.R. §§ 404.1512(a), 404.1520(c).

Third, Plaintiff argues that "the ALJ's finding regarding [her] RFC is not supported by substantial evidence." [DN 15 at 12]. The argument is persuasive for the reasons discussed above.

**Order**

Therefore, this matter is hereby REMANDED to the Commissioner for a new decision and any further administrative proceedings deemed necessary and appropriate by the Commissioner.

June 30, 2020

Lanny King, Magistrate Judge
United States District Court

---

[2] Seventh Circuit caselaw does, however, require that "the ALJ must later [after Step 2] consider the limitations imposed by all impairments, severe and non-severe." *Ray v. Comm'r*, 915 F.3d 486, 492 (7th Cir. 2019) (citing 20 C.F.R. § 404.1523). The ALJ in this case found that Plaintiff's severe and non-severe impairments (in combination) limit her to "frequent" use of the left upper extremity but otherwise allow her to perform light work. [AR at 19]. For the reasons discussed above, that finding is not supported by substantial evidence.